# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN VISNEFSKI,** | : | CIVIL ACTION NO. 3:20-CV-1432 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **TRUIST BANK,** | : | |
| | : | |
| Defendant | : | |

## **MEMORANDUM**

Plaintiff Karen Visnefski ("Visnefski") advances various federal- and state-law claims against her former employer, defendant Truist Bank ("Truist"), arising out of her employment. Truist moves to dismiss three of Visnefski's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We will partially grant the motion with leave to file an amended complaint.

## I.     Factual Background & Procedural History

Visnefski worked for the Branch Banking and Trust Company—which recently changed its name to the Truist Bank—for roughly 14 years. (Doc. 1 ¶¶ 8, 9). She was most recently employed in the position of "Branch Banker II." (Id. ¶ 11). As part of her compensation, Truist provided and funded Visnefski's health insurance through an employee benefit plan pursuant to the Employee Retirement Income Security Act ("ERISA"). (Id. ¶¶ 12, 83). This health insurance enabled treatment for Visnefski's various medical conditions, which include degenerative disc disease, post-laminectomy syndrome, chronic low back pain, arthritis, and scoliosis. (Id. ¶ 13).

Around January 2019, Truist named Nicole Remak as Visnefski's branch manager and immediate supervisor. (Id. ¶ 17). Visnefski alleges Remak was "intensely critical" of her "because of Ms. Visnefski's disabilities and her requests for accommodations and use of [Family Medical Leave Act ('FMLA')] leave" during Remak's tenure. (Id. ¶ 18; see also id. ¶¶ 19-27, 36-39). On or about August 16, 2019, Visnefski made what she coined a "paper error while balancing her drawer and the bank vault at the end of a shift." (Id. ¶ 28). She alleges that she promptly resolved the error and balanced the drawer and vault, fully accounting for all monies. (Id. ¶ 30). The next day, Remak contacted Truist's security department about Visnefski's error and requested an audit of her drawer. (Id. ¶ 32). An audit was performed on August 19, 2019, which "verified that all money was accounted for, and that no money had been inappropriately added to or subtracted from the drawer." (Id. ¶ 33; see also id. ¶ 34). Visnefski asserts Remak orchestrated the audit simply to create a pretextual basis for terminating her employment. (Id. ¶ 35).

Truist fired Visnefski on August 27, 2019, citing the August 16, 2019 paper error incident. (Id. ¶ 40). According to the complaint, Truist falsely claimed that the error constituted a "code of ethics violation" and "force balancing," and opposed Visnefski's application for unemployment compensation because of that purported misconduct. (Id. ¶¶ 41, 42). The complaint further alleges that, "following the termination of Ms. Visnefski's employment, [Truist] made or caused to be made untruthful, deceptive and false reports, including reports to Ms. Visnefski's prospective employers, that Ms. Visnefski engaged in a 'code of ethics violation' and 'force balancing,' suggesting that Ms. Visnefski engaged in theft or otherwise

2

dishonest and untrustworthy behavior." (Id. ¶ 48). Additionally, the complaint alleges that Truist "targeted Ms. Visnefski and terminated her employment . . . because [Truist] saw Ms. Visnefski as a liability and an inconvenience due to her real and perceived disabilities, her use of FMLA-protected leave, and her use of ERISA-protected health insurance benefits." (Id. ¶ 47).

Visnefski initiated this action in August 2020. She asserts federal claims for discrimination, failure to accommodate, and retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (Counts One, Two, and Three); interference and retaliation, in violation of the FMLA, 29 U.S.C. § 2601 *et seq.* (Counts Four and Five); and interference, in violation of ERISA, 29 U.S.C. § 1140 (Count Six). She also brings state-law claims for defamation (Count Seven) and tortious interference with prospective business relations (Count Eight). Truist filed a partial motion to dismiss Counts Six, Seven, and Eight. The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

3

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

Truist seeks dismissal of Visnefski's ERISA interference, defamation, and tortious interference counts. We take up each count *seratiam*.

#### A. ERISA Interference

Visnefski alleges that Truist interfered with her right to receive benefits under her employment plan when it fired her, in violation of Section 510 of ERISA. (See Doc. 1 ¶¶ 87-89). Section 510 of ERISA provides:

4

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he [or she] is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140. Plaintiffs can establish a *prima facie* claim of ERISA interference by demonstrating "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." Smith v. W. Manheim Twp., No. 1:11-CV-778, 2011 WL 5117618, at *2 (M.D. Pa. Oct. 25, 2011) (Conner, J.) (citations omitted); see also Gavalik v. Cont'l Can Co., 812 F.2d 834, 852 (3d Cir. 1987).

To prevail on this claim, plaintiffs must ultimately prove the employer "had the specific intent to violate ERISA." Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007), as amended (May 31, 2007) (quoting Gavalik, 812 F.2d at 851). That is, the plaintiff must prove that "the employer made a conscious decision to interfere with the employee's attainment of pension eligibility or additional benefits." Id. (quoting DiFederico v. Rolm Co., 201 F.3d 200, 205 (3d Cir. 2000) (internal quotation marks and citation omitted)). The mere fact that "termination prevented the employee from accruing additional benefits through more years of service alone is not probative of intent." Id. (quoting Turner v. Schering–Plough Corp., 901 F.2d 335, 348 (3d Cir. 1990)).

Visnefski's complaint as it relates to her ERISA interference claim is not a model of draftsmanship, but it provides enough factual allegations to proceed to discovery. Visnefski alleges that she used her ERISA coverage, which she states

5

was expensive, in connection with her various medical conditions. (See Doc. 1 ¶¶ 12, 13, 85, 87). She further claims that Truist fired her because of "her use of ERISA-protected health insurance benefits." (Id. ¶ 47). These allegations, read together and accepted as true, make for a plausible theory that Truist fired Visnefski at least in part because of her use of ERISA benefits. Hence, the motion to dismiss Count Six will be denied.

### B. Defamation

Under Pennsylvania defamation law, plaintiffs must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) application to the plaintiff; (4) understanding by the recipient of the communication's defamatory meaning; (5) understanding by the recipient that the defamatory meaning is intended to apply to the plaintiff; (6) special harm to the plaintiff from the publication; and (7) abuse of a conditionally privileged occasion. 42 PA. CONS. STAT. § 8343(a). Truist contends Visnefski's allegations fall short of what is required at the pleading stage because they fail to identify the precise communication of defamatory material or a recipient. (See Doc. 7 at 10-12; Doc. 15 at 4-6).

In federal court, plaintiffs need only allege enough facts to put defendants on notice of their claim—defamation plaintiffs need not plead the precise defamatory statements or the statements' specific delivery and receipt. See Abdellatif v. Alza Wrae Indus. Co., No. CV 18-2297, 2019 WL 1284689, at *9 (E.D. Pa. Mar. 20, 2019) (citing Tuman v. Genesis Assocs., 935 F. Supp. 1375, 1391 (E.D. Pa. 1996)) (applying Rule 8 standard over Pennsylvania's pleading standard); Mascarini v. Quality Emp.

6

Servs. & Training, No. 1:10-CV-1546, 2011 WL 332425, at *8 (M.D. Pa. Jan. 31, 2011) (Conner, J.) (citations omitted) (same); Cuturilo v. Jefferson Reg'l Med. Ctr., No. CIV. 10-1723, 2011 WL 2941031, at *4 (W.D. Pa. July 20, 2011) (citations omitted) (same). Visnefski narrowly meets this standard. She alleges that Truist advised prospective employers of her purported misconduct. (See Doc. 1 ¶ 48). "Although the Complaint does not specifically name the [prospective employers], the allegations are sufficient under Rule 8(a) because they adequately provide [Truist] with notice as to the content of the statement, who made the statement, and to whom the statement was made." Abdellatif, 2019 WL 1284689, at *9 (citing Windowizards, Inc. v. Castle "The Window People", Inc., No. 00-4680, 2001 WL 586810, at *2 (E.D. Pa. May 30, 2001)). The court concludes that the allegations of the complaint provide the minimum elements of a claim for defamation, and Count Seven will survive, albeit barely, the instant motion to dismiss.

### C.  **Tortious Interference with Prospective Business Relations**

To prevail on a tortious interference claim under Pennsylvania law, plaintiffs must establish:

> (1) the existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; (4) legal damage to the plaintiff as a result of the defendant's conduct; and (5) for prospective contracts, a reasonable likelihood that the

relationship would have occurred but for the defendant's interference.

Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 212 (3d Cir. 2009) (citation omitted); see also Glenn v. Point Park Coll., 272 A.2d 895, 898 (Pa. 1971). Truist contends that Visnefski's claim fails because the complaint does not identify any prospective employment relationship affected by notice of Visnefski's alleged misconduct. (See Doc. 7 at 12-14). We agree.

Visnefski's tortious interference claim relies on the theory that the "fact that Truist has applied this ['force balancing'] label to Ms. Visnefski in the past without regard to its truthfulness strongly suggests that Truist would not hesitate to make these assertions to a prospective employer inquiring as to Ms. Visnefski again." (Doc. 12 at 10; see also Doc. 1 ¶ 99 (generally alleging Truist's statements prevented her from "obtaining other employment")). Putting conclusory allegations aside, Visnefski does not cite in her brief—and the complaint does not include—factual allegations corroborating the existence of any hindered prospective business relationships that would have been consummated in the absence of Truist's alleged conduct. Her claim therefore necessarily relies on speculation that, assuming Truist shared this information with potential future employers, its dissemination frustrated her ability to obtain employment. See UniStrip Techs., LLC v. LifeScan, Inc, 153 F. Supp. 3d 728, 743 (E.D. Pa. 2015); Bioquell, Inc. v. Feinstein, No. CIV.A. 10-2205, 2010 WL 4751709, at *7 (E.D. Pa. Nov. 23, 2010). True, Rule 8 does not set a high bar, and plaintiffs need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232. But they must plead

factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Visnefski's conclusory recitation of the legal elements does not suffice. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Visnefski's tortious interference allegations thus fall short of Rule 8's requirements. We will dismiss Count Eight with leave to amend.[1]

### IV. Conclusion

We will grant in part and deny in part Truist's partial motion (Doc. 6) to dismiss. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 21, 2021

---

[1] Federal Rule of Civil Procedure 15 instructs that leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). The deficiencies identified above are inherently factual, as opposed to legal, and may conceivably be cured by amendment. Thus, in the interests of justice, we will grant Visnefski leave to amend.